QING DONG, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 08–0770–ag.

United States Court of Appeals, Second Circuit.

July 3, 2008.

John Z. Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Shelley R. Goad, Senior Litigation Counsel; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Qing Dong, a native and citizen of the People's Republic of China, seeks review of a January 17, 2008 order of the BIA, affirming the April 26, 2006 decision of Immigration Judge ("IJ") Robert Weisel, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Dong,* No. A98 593 815 (B.I.A. Jan. 17, 2008), *aff'g* No. A98 593 815 (Immig. Ct. N.Y. City Apr. 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless

any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Upon review of the administrative record, we find that substantial evidence supports the agency's adverse credibility determination. The multiple specific examples of discrepancies between Dong's testimony and the record provided sufficient bases on which the agency could conclude that she was not credible. 8 U.S.C. § 1158(b)(1)(B)(iii). For example, the agency correctly noted the inconsistent assertions regarding where she practiced her religion in China, the discrepancy between the photograph captioned "Qing Dong in Taoist Temple" and her testimony that the photograph was of a Buddhist Temple, and the dramatically inconsistent testimony regarding her grandmother with whom she claimed to have been arrested. While Dong offered explanations for the discrepancies identified by the agency, no reasonable fact-finder would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Accordingly, the agency's denial of Dong's application for asylum and withholding of removal was proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

■ Finally, we deem waived any challenge to the agency's denial of Dong's application for CAT relief because she has limited her assertion of error to "only a single conclusory sentence." *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.